OPINION OF THE COURT
Fred A. Dickinson, J.
This is a CPLR article 78 proceeding to set aside a decision from a Superintendent’s hearing conducted on December 30, 1985.
Although this court finds most of the arguments submitted to be insufficient to warrant the relief requested, one ground does clearly exist in petitioner’s favor — failure of respondent Coughlin to rule on petitioner’s appeal in a timely fashion (7 NYCRR 254.8).
*902 The hearing on the violation with which petitioner was charged resulted in a decision adverse to petitioner. He appealed on December 31, 1985. The appeal decision (from Coughlin’s office) was not rendered until April 11, 1986.
7 NYCRR 254.8 mandates that when an inmate appeals the disposition from a Superintendent’s hearing: "The Commissioner * * * shall issue a decision within 60 days of receipt of the appeal.”
The respondents, by the Attorney-General, do not contest the time periods herein (except for denying "on information and belief’ when the appeal was filed). The language of the above section is clear. It is also clear that the appeal was not decided in a timely manner. This court agrees with the contention of Justice Kelly in Matter of DeVeaux v Scully (Sup Ct, Dutchess County, 1983, index No. 1982/5521) that the failure to act in a timely manner creates a denial of due process.
Petition is granted.